

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Michael A. Goldsticker*      *Suite 400*      DIRECT: 410-209-4908
*Assistant United States Attorney*      *36 S. Charles Street*      MAIN: 410-209-4800
*Michael.Goldsticker@usdoj.gov*      *Baltimore, MD 21201-3119*      FAX: 410-962-0717

July 21, 2020

Hon. Richard D. Bennett
U.S. District Judge, District of Maryland
101 West Lombard Street
Baltimore, MD 21201

    Re:    <u>United States v. William Dredden, III</u>, RDB-19-0485

Dear Judge Bennett:

I write to provide the Government's sentencing recommendation in the above-referenced case. The Government believes that a sentence of **48 months'** imprisonment is sufficient, but not greater than necessary to achieve the required purposes of sentencing.

### I.     Nature and Circumstances of the Offense

The Defendant, William Dredden, III, was a member of an open-air drug shop operating in southwest Baltimore, Maryland. The drug shop operated 7 days a week, selling heroin, fentanyl, cocaine, and cocaine base to paying customers who would arrive at the shop on foot and in vehicles. On two occasions in October 2018, the Defendant sold in total 7 grams of cocaine to an undercover officer in exchange for $550.

### II.     United States Sentencing Guidelines Calculation

The parties agree that the Defendant's base offense level is 24 pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1(a)(5) and (C)(8) because the defendant was aware that co-conspirators distributed a drug quantity of at least 28 grams of cocaine base. PSR ¶ 16. The parties further agree that a 3-level downward departure is warranted for the Defendant's acceptance of responsibility. PSR ¶¶ 23-25. Based on the Defendant's criminal history, discussed further below, he falls within Criminal History Category III. PSR ¶ 35. Accordingly the Defendant's guidelines range is 46-57 months. This range is within the parties agreed upon "c-plea" range of 36-72 months in the plea agreement. PSR ¶ 81.

### III.     Analysis of the Factors Set Forth in 18 U.S.C. § 3553(a)

####     A.     History and Characteristics of the Offender

1

The Defendant has a lengthy history of convictions for drug dealing in a manner identical to this instance offense of conviction. He first began distributing drugs as a juvenile, receiving sustained dispositions for distributing narcotics at ages 15 and 16. PSR ¶¶ 27-28. His pattern of drug dealing continued as an adult. <u>First</u>, at age 18 he was caught in possession of narcotics. PSR ¶ 30. <u>Second</u>, at age 24, the Defendant was convicted for attempting to distribute narcotics. PSR ¶ 31. <u>Third</u>, in 2010, and while on probation, the Defendant was arrested for conspiring to distribute narcotics, for which he received a short sentence and was placed on supervised probation. PSR ¶ 32. <u>Fourth</u>, in 2015, the Defendant again was convicted of CDS Distribution, and received an effective sentence of 1 years 9 months followed by supervised probation. PSR ¶ 33.

### B.     The Seriousness of the Offense and the Failure to Respect the Law

A sentence of 48 months' with the Bureau of Prisons is necessary in this case to reflect the seriousness of the offense, consisting of the illegal distribution of narcotics that plagues the community. The Defendant was a member of one of the many open-air drugs that are a scourge on Baltimore. These drugs shops, and the poison they distribute, are a substantial source of death in Maryland. According to the Maryland Department of Health and the Office of the Chief Medical Examiner, there were almost 1000 additional deaths attributable to heroin, fentanyl and/or opioid overdose in 2018. *Maryland Department of Health, Behavioral Health Administration*, "Overdose Data and Reports 2018." Drug shops, like the Defendant's, are a principal source of these narcotics.

Moreover, the Defendant had his own customer base, as evidenced by the fact that he gave his phone number to the undercover officer during one of the buys to arrange future drug transactions in advance. That fact demonstrates the Defendant wasn't simply showing up at the drug shop each morning, waiting for random customers to arrive as a low-level distributor. He was attempting to develop his own independent customer base.

### C.     The Need to Avoid Unwanted Disparities

All of Mr. Dredden's co-conspirators to have been sentenced thus far—Messrs. Hudson, Crowder, and Butcher—have received sentences of 48 months' imprisonment, which is the exact sentence the Government is recommending here. The conduct and the criminal histories for these three co-conspirators are nearly identical to the Defendant, and no justification exists to treat the Defendant differently at sentencing.

### D.     Adequate Deterrence and Protection from the Public

The need for deterrence is obvious. Mr. Dredden has a record similar to many defendants who comes before the Court for sentencing on drug charges, presenting a criminal record replete with short sentences—effectively a revolving door of short encounters with the justice system, further emboldening the criminal behavior.

Moreover, the Defendant in this case has a history of violating his probation. <u>First</u>, in September 2005, after receiving his first adult conviction, he violated his probation resulting in an extension of his probationary period. PSR ¶ 30. <u>Second</u>, he was placed on probation following his next conviction, and in August 2010, that probation was revoked and closed unsatisfactorily. PSR ¶ 31. <u>Third</u>, the Defendant was on probation when he was arrested and convicted for conspiring to distribute narcotics in February 2010. PSR ¶ 32. <u>Fourth</u>, and perhaps most troubling,

the Defendant sold drugs to the undercover officer in this case only three months after his supervised probation expired for a prior conviction. *See* PSR ¶ 33.

*   *   *

For all of the foregoing reasons, the Government respectfully requests that the Court impose upon defendant William Dredden, III, a sentence of imprisonment of **48 months**, as such a sentence is fair, reasonable, and not greater than necessary.

Very truly yours,

Robert K. Hur
United States Attorney

By: *Michael Goldsticker*
Michael A. Goldsticker
Assistant United States Attorney